IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

    Petitioner,

v.                                                                                                   No. 21-cv-0650 JCH-SCY

CNMCF, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Arsenio Anaya's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1). Anaya challenges his state convictions stemming from intoxicated driving. About two weeks before he filed this case, the Court (Hon. William Johnson) dismissed Anaya's identical habeas petition without prejudice for failing to exhaust state remedies. The Court will dismiss the instant Petition for the same reason, as Anaya has not completed the exhaustion process.

## BACKGROUND[1]

    Anaya pled guilty in 2018 to aggravated driving under the influence of drugs or alcohol (8th offense), driving on a revoked license, and fleeing a law enforcement officer. *See* Doc. 1 at 1; Plea and Disposition Agreement in D-412-CR-2017-00251. On or about February 25, 2020, the state court sentenced Anaya to ten years imprisonment. *See* Doc. 1 at 1. Anaya filed a motion to reconsider sentence, a state habeas petition, and a direct appeal with the New Mexico Court of

---

[1] The background facts are taken from the Petition and Anaya's state criminal dockets, Case Nos. D-412-CR-2017-00251, A-1-CA-39249, and S-1-SC-38876, which are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Appeals (NMCA). *See* Docket Sheet in D-412-CR-2017-00251. The state trial court denied all relief by an omnibus order entered April 16, 2021, and NMCA issued a mandate dismissing the appeal on April 27, 2021. *See* Omnibus Order and Mandate in D-412-CR-2017-00251.

Anaya filed the first § 2254 Petition a few weeks later, on May 17, 2021. *See* Doc. 1 in 21-cv-0460 WJ-GJF (hereinafter, the "First Petition"). He asked the Court to vacate all state convictions under 28 U.S.C. § 2254, arguing his blood alcohol test constitutes an illegal search. *See* First Petition at 5. By a ruling entered May 24, 2021, the Court (Hon. Gregory Fouratt) screened the First Petition under Habeas Corpus Rule 4 and determined Anaya failed to exhaust state remedies before seeking federal relief. *See* Doc. 4 in 21-cv-0460 WJ-GJF. The First Petition clearly reflects that Anaya did not present his federal claim to New Mexico's highest state court. The First Petition listed Anaya's NMCA appeal, and then he wrote "N/A" in the sections addressing further appeals. *See* First Petition at 2-5. The state court dockets confirm that Anaya did not initially seek certiorari review with the New Mexico Supreme Court and instead filed the First Petition a few weeks after the NMCA denied relief. *See* Docket Sheets in D-412-CR-2017-00251; A-1-CA-39249. Anaya was permitted to file a response showing cause, if any, why the First Petition should not be dismissed without prejudice to refiling after the exhaustion process is complete.

In response, Anaya filed a letter-motion to clarify the portions of his First Petition addressing exhaustion. *See* Doc. 5 in 21-cv-0460 WJ-GJF. The response states Anaya "made a mistake by putting N/A in the sections addressing further appeals" and that he was willing to redraft his Petition, if need be. *Id.* at 1. The state docket reflects that on June 25, 2021 – after receiving the Screening Ruling – Anaya also filed a certiorari petition with the New Mexico Supreme Court.

*See* Petition in S-1-SC-38876.

The Court (Hon. William Johnson) held that "because [Anaya's] … appeal … is still pending before the [New Mexico] courts, he has not exhausted all available state remedies." Doc. 6 at 3 (quoting *Lamar v. Zavaras*, 430 Fed. App'x 718, 720 (10th Cir. 2011)). *See also Carbajal v. Lynn*, 640 Fed. App'x 811, 813 (10th Cir. 2016) ("no reasonable jurist could debate … that it would be premature to address [petitioner's § 2254] … challenge … while his direct appeal remains pending"); *Glaser v. Raemisch*, 668 Fed. App'x 341 (10th Cir. 2016) (same); *Daegele v. Crouse,* 429 F.2d 503 (10th Cir. 1970) (same). By a ruling entered June 30, 2021, Judge Johnson dismissed the First Petition without prejudice to refiling after the state exhaustion process is complete. *See* Doc. 6 at 4.

Two weeks later, on July 15, 2021, Anaya filed the instant § 2254 Petition. *See* Doc. 1 (hereinafter, "Second Petition"). The state dockets reflect the New Mexico Supreme Court appeal is still pending. *See* Docket Sheet in S-1-SC-38876 (showing no activity after filing of initial certiorari petition on June 25, 2021). It appears there is some confusion about how to comply with the exhaustion requirement and whether the prior federal habeas proceeding satisfies § 2254. The Court will explain the requirement in more detail below.

## ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the

3

petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*.").

As previously noted, the exhaustion requirement is not met here because Anaya's appeal is still pending before the New Mexico Supreme Court. *See* Docket Sheet in S-1-SC-38876; *Lamar*, 430 Fed. App'x at 720; *Carbajal*, 640 Fed. App'x at 813; *Daegele v. Crouse,* 429 F.2d at 503. Anaya acknowledges the pending appeal in his Second Petition, but he appears to hope the first federal § 2254 action can also satisfy the exhaustion requirement. *See* Doc. 1 at 2-5, 8. While the Court appreciates Anaya's attempt at compliance, a prior federal case has no bearing on the exhaustion requirement. The Court can only grant habeas relief if the "highest state court," *i.e.,* the New Mexico Supreme Court, has already rejected the federal habeas claim. *See Dever*, 36 F.3d at 1534.

The Court will dismiss the Second Petition without prejudice to refiling. Anaya must wait until he gets a ruling from the New Mexico Supreme Court on his pending petition for writ of certiorari in Case No. S-1-SC-38876. If the New Mexico Supreme Court denies relief, he may then file a new § 2254 petition in this Court. Anaya should ensure that he presents every federal

argument in the pending state appeal. For example, if he wishes to raise a later § 2254 claim based on an illegal search, he should make sure that argument is included in his state certiorari petition. The Court also clarifies that because it has not reached the merits of Anaya's claims, his prior § 2254 petitions will not count as his "first" proceeding, for purposes of the limitations on second or successive habeas claims. Finally, the Court will deny a certificate of appealability under Habeas Rule 11, as this ruling is not reasonably debatable.

**IT IS ORDERED** that Arsenio Anaya's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE